NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVER RAMON VILLANUEVA-LARA; MARIA DE LOS ANGELES CABALLERO-CHINCHILLA; G.D.V.C., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4279 <br><br> Agency Nos. <br> A220-152-324 <br> A220-152-325 <br> A220-152-326 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025[**]
Pasadena, California

Before: WARDLAW, BERZON, and MILLER, Circuit Judges.

Ever Ramon Villanueva-Lara, Maria de Los Angeles Caballero-Chinchilla,

and their minor daughter, G.D.V.C., natives and citizens of Honduras, petition for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing an

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal of an order of an Immigration Judge ("IJ") denying Petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition. "We review both the IJ and the BIA decisions when the BIA adopts and affirms the IJ's decision and provides its own analysis." *Chmukh v. Garland*, 124 F.4th 670, 674 (9th Cir. 2024) (internal quotations and citation omitted). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id*.

1.    Substantial evidence supports the BIA's determination that Petitioners did not establish that they have "suffered past persecution or ha[ve] a well-founded fear of future persecution on account of [their] race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citation omitted). "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Id.* (internal quotations and citation omitted). While "credible death threats alone can constitute persecution," they constitute persecution "in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Id*. (citation modified). "We have been most likely to find persecution where threats are

2                                                                                      24-4279

repeated, specific[,] and combined with other confrontation or mistreatment." *Id.* (internal quotations and citation omitted).

Petitioners credibly testified that they paid extortion to a criminal gang for nearly three years while participating in a local street market in Honduras. After the COVID-19 pandemic interrupted their business and Petitioners became unable to make extortion payments to the gang, Petitioners began to receive death threats. Gang members threw stones at Petitioners' house, repeatedly threatened to kill them, and twice followed Petitioners while they were driving. Petitioners continued to receive threats even after fleeing to a family member's house in another city. Petitioners were never physically harmed. We agree with the BIA's conclusion that Petitioners' experiences do not rise to the "extreme" level of persecution. *Duran-Rodriguez*, 918 F.3d at 1028; *Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021) (listing non-exhaustive factors to consider when evaluating whether a petitioner suffered past persecution).

2.      Because Petitioners fail to establish past persecution, there is no presumption of future persecution. *Duran-Rodriguez*, 918 F.3d at 1029. While Petitioners' fear of persecution is "subjectively genuine," substantial evidence supports the conclusion that Petitioners do not have an "objectively reasonable" fear that they will suffer harm rising to the level of persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1052 (9th Cir. 2009) (citation omitted).

3.     Moreover, even assuming, as the BIA did, that Petitioners established membership in a valid particularized social group ("PSG"), and articulated an actual or imputed political opinion, the record does not compel the conclusion that Petitioners were persecuted on account of either their political opinion or membership in any PSG. Substantial evidence supports the BIA's conclusion that Petitioners cannot establish that nexus because the gang members were motivated only by financial gain. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("To establish past persecution, an applicant must show he was individually targeted on account of a protected ground rather than simply the victim of generalized violence."); *Kaur v. Wilkinson*, 986 F.3d 1216, 1226 (9th Cir. 2021) ("[W]hether a petitioner has been persecuted 'on account of' a protected ground" is a function of "the persecutor's motive, not the victim's perspective.").

4.     Petitioners' claim for withholding of removal also fails because Petitioners did not establish that it is more likely than not that they will suffer persecution if removed to Honduras, *Duran-Rodriguez*, 918 F.3d at 1029, or that their membership in a PSG, or actual or imputed political opinion, is "a reason for future persecution," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (internal quotations and citation omitted).

5.     Substantial evidence also supports the BIA's determination that Petitioners are not more likely than not to be tortured with the consent or

acquiescence of the Honduran government.  8 C.F.R. § 1208.16(c)(2).  Because Petitioners have not shown that they are likely to suffer harm rising to the level of persecution, they necessarily have not shown that they are likely to suffer harm rising to the level of torture.  *See Sharma*, 9 F.4th at 1067 (holding that "[b]ecause the BIA could reasonably conclude that Sharma's past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture" and "Sharma has not shown an objectively reasonable fear of future torture"); *Duran-Rodriguez*, 918 F.3d at 1029–30.  Nor does the record compel the conclusion that Petitioners would be subjected to torture with the "consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Petitioners' Motion to Stay Removal is denied as moot.  *See* Dkt. 3.  The temporary stay will dissolve when the mandate issues.  *See* Dkt 10.